UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HARMONY K. STANDARD, | § § | |
| Plaintiff, | § § § | |
| v. | § § | SA-17-CA-155-FB (HJB) |
| METROPLEX ADVENTIST HOSPITAL, INC. d/b/a Metroplex Health System, d/b/a Metroplex Hospital, d/b/a Rollins Brook Community Hospital, | § § § § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of the above case. Pretrial matters in ths case have been referred to the undersigned for consideration. (*See* Docket Entry 3.) For the reasons set out below, I recommend that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Order, pursuant to Federal Rule of Civil Procedure 41(b).

**I.     Jurisdiction.**

Plaintiff has asserted causes of action under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). (*See* Docket Entry 12, at 2.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. I have authority to issue this recommendation pursuant to 28 U.S.C. § 636.

**II.    Background.**

The underlying facts alleged by Plaintiff are set out in a previous Report and Recommendation, dated January 3, 2018. (*See* Docket Entry 44.) In that Report and

Recommendation, the undersigned recommended that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Docket Entry 24) be granted in part and denied in part, and that Plaintiff's fourth cause of action, and all of her claims against Defendants other than Metroplex, be dismissed. (Docket Entry 44, at 15.) With regard to Plaintiff's remaining claims against Metroplex, the undersigned recommended that Plaintiff should be required to amend her complaint to raise a single retaliation claim based on protected activity of alleging Medicare fraud and false claims. (*Id.*)

Defendants objected to the recommendation, solely to request that any order accepting the Report and Recommendation "include a date certain by which Plaintiff must file her Second Amended Complaint or see her case be dismissed with prejudice." (Docket Entry 45, at 3.) Defendants argued a date certain was needed because "Plaintiff's pattern of significant and repeated delay in this case . . . has resulted in repeated unnecessary expenditures of Defendants' resources." (*Id.*)

The District Court adopted the recommendation on January 23, 2018. (Docket Entry 46.) The Court found merit in Defendants' request that Plaintiff be given a date certain by which to file her second amended complaint, and it ordered that such complaint be filed by February 14, 2018. (*Id.* at 3.) The Court went on to state that, "[i]f no second amended complaint is filed by that date or plaintiff disregards the foregoing parameters of the second amended complaint, plaintiff is advised that her complaint and this case will be dismissed for failure to prosecute and/or failure to comply with a court order." (*Id.* at 3–4.)

On February 14, 2018, Plaintiff filed a single-page document entitled "Plaintiff's Second Amended Complaint Sabine Pilot 'Good Faith Belief Violation' and Whistleblower Protection Provisions of the False Claims Act." (Docket Entry 48.) The single-page document was not signed,

and it failed to set out a claim for relief. Six days later, Plaintiff filed a motion for extension of time, asking for a delay until February 23, 2018, to filed her second amended complaint. (Docket Entry 50.) The undersigned granted the request, and, in light of the circumstances described in the motion, permitted Plaintiff an additional two weeks to file her complaint, until March 9, 2018. (Docket Entry 51.) The order made clear that the single-page document she previously filed was insufficient, and that no further extensions would be granted. (*Id.*)

As of the date of this Report and Recommendation, the extended deadline for filing a new complaint has passed by more than three weeks. No complaint, or other document, has been filed by Plaintiff.

### III.  Analysis.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Rule 41(b) gives a district court the authority to dismiss a case *sua sponte* for want of prosecution or for failure to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). In appropriate cases, dismissal for want of prosecution is essential to the administration of justice: the Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. As the Court explained in *Link*, the dismissal "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars" of the Court. *Id.* at 630–31.

In this case, Plaintiff has been clearly dilatory, and has failed to comply with the Court's order to amend her complaint, despite being given an extension of time in which to do so. Plaintiff was specifically admonished by the Court that her failure to comply with the deadline for amending her complaint would result in dismissal under Rule 41(b). (Docket Entry 46, at 3–4.) From Plaintiff's inaction in this case, "[i]t is apparent that Plaintiff no longer wishes to pursue this lawsuit." *Gollott v. Peterson*, Cause No. 1:16CV49-LG-RHW, 2016 WL 3647153, at *2 (S.D. Miss. June 30, 2016 ) (dismissing, *inter alia*, for *pro se* plaintiff's failure to comply with court orders). "As the record demonstrates, lesser sanctions than dismissal"—such as an express admonition from the Court— "have not prompted 'diligent prosecution,' but instead such efforts have proven futile." *Id.* (citing *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005)). Given these circumstances, dismissal is warranted.

Dismissal under Rule 41(b) may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880; *see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). While it is arguable that dismissal with prejudice may be warranted here by Plaintiff's repeated failures to comply with Court-ordered deadlines, given all the circumstances of the case and Plaintiff's *pro se* status, I recommend dismissal without prejudice at this time.[1]

---

[1] In some cases, the Court must apply the higher standard before dismissing a case without prejudice, "because the statute of limitations will bar [the plaintiff] from refiling [his] suit." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 693 (5th Cir. 2008). In this case, however, the six-year

4

IV.     **Conclusion and Recommendation.**

For the foregoing reasons, I recommend that Plaintiff's case be **DISMISSED** for failure to prosecute and failure to comply with the Court's Order, pursuant to Federal Rule of Civil Procedure 41(b).

V.      **Instructions for Service and Notice for Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Written objections to this report and recommendation must be filed **within fourteen (14) days after being served** with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar

---

limitations period under the False Claims Act has not run. *See* 31 U.S.C. § 3731(b). Because dismissal for failure to prosecute will not affect the statute of limitations, the higher standard need not be applied.

the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on March 28, 2018.

Henry J. Bemporad
United States Magistrate Judge